IN THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

**JANICE STEWART,**

    **Plaintiff,**                  **CASE NO.: 2017-SC-000530-19**

v.

**AMERICAN EXPRESS CENTURION BANK CORPORATION
and EXPERIAN INFORMATION SOLUTIONS, INC.,**

    **Defendants.**
_____/

## STATEMENT OF CLAIM

**COMES NOW,** The Plaintiff, JANICE STEWART, (*hereinafter referred to also as* "Plaintiff" by and through his undersigned counsel hereby brings this action against Defendant, AMERICAN EXPRESS CENTURION BANK CORPORATION (*hereinafter referred to also as* "Defendant" or "American Express"), and to Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (*hereinafter referred to also as* "Defendant" or "Experian"), for statutory and/or actual damages, and attorney's fees for violations for damages which do not exceed $2,500.00 in any single count; under the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA"). Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. The Fair Credit Reporting Act's purpose is to "ensure fair and accurate credit reporting, promote efficiency and protect consumer privacy." *Safeco Ins. Co. of America v. Burr,* 511 U.S. 47 (2007). Reporting to a credit bureau is "a powerful tool designed in part to pressure consumers to keep to the payment terms of all their obligations." *Rivera v. Bank One.,* 145 F.R.D. 614 (D.P.R. 1993).

2. Congress has found that the banking system is "dependent upon fair and accurate credit reporting," and that inaccurate reports "...impair the efficiency of the

banking system and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C.§1681(a)(1).

## JURISDICTION

3. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and 15 U.S.C. §1681 et seq., specifically 15 U.S.C. §1681 which provides that an "action to enforce any liability created under [15 U.S.C. §1681] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs."

## VENUE

4. Venue is proper in this County because the acts and transactions occurred in Florida where the Plaintiff resides and Defendant transacts business here. Pursuant to 28 U.S.C. §1391 (b) and (c), as the unlawful practices alleged herein took place in Florida, and the Defendants transact business in Florida and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

5. Plaintiff is an individual residing in the State of Florida, and is a "consumer" as defined by §1681a(c) of the FCRA and as amended in §1692 et seq.

6. Plaintiff brings this action against Defendants based on the Defendants' practice of violating 15 U.S.C. §1681i, a provision of the FCRA.

7. Defendant, AMERICAN EXPRESS CENTURION BANK CORPORATION,

a bank and Florida Foreign Corporation, regularly conducts business in the State of Florida where it engages and conducts business of collection of debts.

8. Defendant, American Express, is considered a "person" as defined by 15 U.S.C. § 1681a(b).

9. Defendant, American Express, regularly reports consumer debts, also known as "trade lines,' to national consumer reporting agencies, including Experian and is, therefore, considered a "furnisher of information" pursuant to 15 U.S.C §1681s-2 of the FCRA.

10. Defendant, AMERICAN EXPRESS CENTURION BANK CORPORATION, regularly reports consumer debts regarding consumers nationwide, including in Seminole County, Florida.

11. Plaintiff brings this action against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., based upon Experian's practice of violating 15 U.S.C. §1681i, a provision of the FCRA.

12. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., is a Florida Foreign Corporation, regularly conducts business in the State of Florida where it engages and conducts the business of assembling, disseminating, managing, and disbursing information related to consumer and business credit for the purpose of furnishing consumer credit reports to users as defined by 15 U.S.C. §1681d, including doing so for users in Seminole County, Florida.

13. Defendant, Experian, is considered a "person" as defined by 15 U.S.C. § 1681a(b).

14. Defendant, Experian, is a consumer reporting agency (*also referenced*

herein as "CRA") as defined in 15 U.S.C. §1681a(f) considered a "furnisher of information" pursuant to 15 U.S.C §1681 of the FCRA.

15. The debt which Defendant, American Express, sought to collect from Plaintiff, and further reported incorrectly to Defendant, Experian, arises from a consumer credit card used for purchase of personal, family and household goods and items, and is, therefore, a consumer debt as defined by 15 U.S.C. §1681a(d(1)(A).

## BACKGROUND

16. The debt The Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (*hereinafter* "FCRA"), was originally enacted in 1970 for the purpose of regulating the collection, dissemination, and use of consumer credit information.

17. On or about 8/13/2013, American Express filed a lawsuit against Plaintiff in Seminole County, Florida, Case Number 2013-CC-002631, for the collection of account number ending in 62008. *(Reference attached Exhibit "A")*.

18. On 1/12/2016, Modlin & Associates, P.A. sent Plaintiff a letter on behalf of American Express, requesting payment of account ending in 62008 *(Reference attached Exhibit "B")*.

19. On 2/12/2016, Plaintiff filed a lawsuit against American Express in Seminole County, Florida, Case Number 2016-SC-00530, for the reason that American Express violated the Florida Consumer Collection Practices Act § 559.72(9) by attempting to collect on account number 62008, which it had no legal basis to do so. American Express was paid in full, so it did not have the legal basis to hire an agent to collect an already-paid account on their behalf. *(Reference attached Exhibit "C")*.

20. On 5/2/2016, American Express and Plaintiff reached a settlement agreement for this case for account number ending in 62008.

21. On 10/17/2016, a credit report from Equifax was obtained by Plaintiff and she noticed that a balance was still listed on the account, having appeared that the account was never paid off at all (*Reference attached Exhibit "D"*).

22. On 10/20/2016, Plaintiff mailed a dispute to Experian, stating that "this was paid in full on 8/24/14" (*Reference attached Exhibit "E"*).

23. On 11/14/2016, Experian sent an abbreviated report and response to Plaintiff's dispute; the abbreviated credit report did not report the relevant American Express debt as paid in full per agreement" (*Reference attached Exhibit "F"*).

24. On 11/30/2016, Plaintiff mailed another dispute to Experian, stating "this account should be listed as disputed because it was paid in full per agreement". (*Reference attached Exhibit "G"*).

25. On 12/15/2016, Experian sent an updated report and response to Plaintiff's dispute; the updated credit report listed the debt as disputed, however, it still did not list that the account was "paid in full per agreement." (*Reference attached Exhibit "H"*).

26. Consequently, as evidenced by the reporting and maintenance of inaccurate reporting of the American Express account on Plaintiff's credit report, Experian failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." See *Alexander v. Certegy Check Services, Inc.*, 8:16-CV-859-17JSS, 2016 WL 5843176, at *3 (M.D. Fla. 2016); see also *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011).

27. Experian failed to properly conduct a reasonable investigation and make the necessary correction to designate Plaintiff's American Express account as "paid in full per agreement" because the amount on the credit report showed a balance past due as of October 2016 as required by 15 U.S.C. § 1681i.

28. Further, as part of this investigation, the credit reporting agency is required to notify the person or entity that furnished the information when the account is being disputed. 15 U.S. C. § 1681i(a)(2).

29. Plaintiff reasonably believes that Experian notified American Express regarding Plaintiff's 10/20/2016 dispute in accordance with 15 U.S. C. § 1681i(a)(2) when Plaintiff mailed a dispute to Experian.

30. "Upon receipt of this notice, the furnisher of information must: (1) 'conduct an investigation with respect to the disputed information'; (2) 'review all relevant information provided by the [CRA]' in connection with the dispute; and (3) 'report the results of the investigation to the [CRA].' Id. § 1681s-2(b)(1). Should the investigation determine that the disputed information is 'inaccurate or incomplete or cannot be verified,' the furnisher must 'as appropriate, based on the results of the reinvestigation promptly ... modify [,] ... delete [or] permanently block the reporting' of that information to CRAs. Id. 15 U.S.C. § 1681s-2(b)(1)(E). The CRAs must also delete or modify the information based on the results of reinvestigation. 15 U.S.C. § 1681i(a)(5)(A)(l); see also Hinkle v. Midland Credit Mgmt., Inc., 26 Fla. L. Weekly Fed. C 483 (11th Cir. 2016).

31. The duty of American Express to conduct a reasonable investigation was triggered upon notice of the dispute from Experian. See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009).

32. American Express failed to properly conduct a reasonable investigation and make the necessary correction to designate Plaintiff's American Express account as "paid" as required by 15 U.S.C. § 1681i.

33. 15 U.S.C. §1681s-2(a)(1)(A) prohibits a furnisher from providing "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

34. American Express knew or should have known by receipt of Plaintiff's payments of the debt and settlement of the 2016 lawsuit and was, therefore prohibited from reporting the debt to Experian without also reporting that the debt was "paid in full per agreement". 15 U.S.C. §1681s-2(a)(3).

35. As a result of American Express' failure to properly conduct a reasonable investigation and make the necessary correction to designate Plaintiff's American Express account as "paid in full per agreement" as required by 15 U.S.C. § 1681i, false, inaccurate and derogatory information was reported.

36. As a result of Experian's failure to properly conduct a reasonable investigation and make the necessary correction to designate Plaintiff's American Express account as "paid in full per agreement" as required by 15 U.S.C. § 1681i, false, inaccurate and derogatory information was reported.

37. Plaintiff has suffered damages as a result of American Express' incorrect reporting of Plaintiff's debt status and resulting credit-worthiness, including an impaired ability to obtain credit, as can be seen in the 2 inquires on his credit report (Reference attached Exhibit "H"), an impaired ability to rebuild her credit worthiness, an invasion of privacy, interference with his normal and usual activities and mental and emotional pain,

anguish, frustration, humiliation, anxiety, fear and embarrassment of credit denials.

38. Due to their violations, American Express and Experian are liable to Plaintiff as promulgated by Congress in 15 U.S.C. §1681n.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. §1681e(b) BY DEFENDANT, EXPERIAN INFORMATION SOLUTIONS, INC.

39. Plaintiff re-alleges and incorporates Paragraphs 1 through 38 as if herein fully pled.

40. Defendant, Experian, violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintained and published with regard to Plaintiff.

41. Plaintiff has suffered damages as a result of Experian's incorrect reporting of Plaintiff's debt status and resulting credit-worthiness, including an impaired ability to obtain credit, an impaired ability to purchase and benefit from credit, an impaired ability to rebuild his credit worthiness, an invasion of privacy, interference with his normal and usual activities and mental and emotional pain, anguish, frustration, humiliation, anxiety, fear and embarrassment of credit denials.

42. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined at the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

43. Plaintiff is entitled to recover costs and attorney's fees from Experian in an

amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff, respectfully prays that this court enter the following relief against Experian:

    A.    Actual damages pursuant to 15 U.S.C. §1681o(a) be awarded for each negligent violation as herein alleged;

    B.    Statutory damages pursuant to 15 U.S.C. §1681n(a) be awarded for each willful violation as herein alleged;

    C.    Punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

    D.    Attorney's fee, litigation expenses and costs pursuant to 15 U.S.C. §1681(a)(2) and §1681o(a)(2);

    E.    Interest as permitted by law; and

    F.    Such other and further relief the Court deems equitable and just under the circumstances.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. §1681i) BY DEFENDANT, EXPERIAN INFORMATION SOLUTIONS, INC.

44.    Plaintiff re-alleges and incorporates Paragraphs 1 through 38 as if herein fully pled.

45.    Defendant, Experian, violated 15 U.S.C. §1681i by failing to correct, update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in

the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

46. At all times, through the exercise of due care and proper reasonable investigation, Experian could have and should have discovered that the account was paid in full per agreement.

47. Plaintiff's has suffered damages as a result of Experian's failure to correct, update or delete inaccurate information regarding Plaintiff's debt status and resulting credit-worthiness, including an impaired ability to obtain credit, an impaired ability to purchase and benefit from credit, an impaired ability to rebuild his credit worthiness, an invasion of privacy, interference with his normal and usual activities and mental and emotional pain, anguish, frustration, humiliation, anxiety, fear and embarrassment of credit denials.

48. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined at the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff respectfully prays that this court enter the following relief against Experian:

    A. Actual damages pursuant to 15 U.S.C. §1681o(a) be awarded for each negligent violation as herein alleged;

    B. Statutory damages pursuant to 15 U.S.C. §1681n(a) be awarded

for each willful violation as herein alleged;

C.  Punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

D.  Attorney's fee, litigation expenses and costs pursuant to 15 U.S.C. §1681(a)(2) and §1681o(a)(2);

E.  Interest as permitted by law; and

F.  Such other and further relief the Court deems equitable and just under the circumstances.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. §1681S-2(b)) BY DEFENDANT, AMERICAN EXPRESS CENTURION BANK CORPORATION

50.  Plaintiff re-alleges and incorporates Paragraphs 1 through 38 as if herein fully pled.

51.  Defendant, American Express, violated 15 U.S.C. §1681n and §1681o of the FCRA by engaging in willful and negligent acts which violate 15 U.S.C. §1681s-2(b) as follows:

A.  Failing to conduct an investigation of the inaccurate information that Plaintiff's account has a balance due of $1,979 and is past due as of December 2016;

B.  Failing to review all relevant information concerning Plaintiff's account as provided to American Express;

C.  Reporting the inaccurate status of the inaccurate information to credit reporting agencies and/or without including a notation that the debt was paid;

D.  Failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation;

E.  Failing to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

F.  Failing to correctly report results of an accurate investigation to every other credit reporting agency;

G.  Continuing to furnish and disseminate inaccurate and derogatory credit, account status and other information concerned Plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate; and

H.  Failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

52. At all times, through the exercise of due care and proper reasonable investigation, American Express could have and should have prevented the furnishing of inaccurate and false information to Experian.

53. Plaintiff has suffered damages as a result of American Express' failure to properly investigate and furnish accurate account information to Experian.

54. American Express' conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined at the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

55. Plaintiff is entitled to recover costs and attorney's fees from American Express in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, Plaintiff respectfully prays that this court enter the following relief against American Express:

    A. Actual damages pursuant to 15 U.S.C. §1681o(a) be awarded for each negligent violation as herein alleged;

    B. Statutory damages pursuant to 15 U.S.C. §1681n(a) be awarded for each willful violation as herein alleged;

    C. Punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

    D. Attorney's fee, litigation expenses and costs pursuant to 15 U.S.C. §1681(a)(2) and §1681o(a)(2);

    E. Interest as permitted by law; and

    F. Such other and further relief the Court deems equitable and just under the circumstances.

### JURY DEMAND

Plaintiff demands trial by jury.

Dated: January 24, 2017

_/s/ Michael Tierney_

Michael Tierney, P.A.
Michael Tierney, Esquire
Florida Bar No.: 043475
918 Beard Avenue
Winter Park, Florida 32789-1806
Tel: (407) 740-0074
Attorney for Plaintiff